FILED
FEB 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BREAKING THE CHAIN FOUNDATION, INC.,
Bellevue Resource Center
4409 South Capitol Street SW
Washington DC 20032

    Plaintiff,

v.

CAPITOL EDUCATIONAL SUPPORT, INC.,
29 Florida Avenue, NW
Washington DC 20002

    Defendant.

Case: 1:08-cv-00356
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 2/28/2008
Description: General Civil

## COMPLAINT

Plaintiff Breaking The Chain Foundation, Inc. seeks injunctive and monetary relief from Defendant Capitol Education Support, Inc. for trademark infringement, cybersquatting, false designation of origin and unfair competition with respect to Plaintiff's trade name and trademark BREAKING THE CHAIN. As alleged more fully below, Defendant has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1125, *et seq.* (the "Lanham Act"), and District of Columbia law through its unauthorized use of Plaintiff's trade name and trademark BREAKING THE CHAIN in the name of its programs and concert series, "Breaking the Chain Concert Series" and the domain name <breakingthechaincs.com>.

## PARTIES

1.     Plaintiff Breaking the Chain Foundation, Inc. (hereinafter "BTC" or "Plaintiff") is a District of Columbia non-profit corporation having its principal place of business at Bellevue Resource Center, 4409 South Capitol Street SW, Washington DC 20032. BTC's mission is to

eradicate inter-generational incarceration in the Washington, DC area and provide support services to children of incarcerated persons.

2. Defendant Capital Educational Support, Inc. (hereinafter "CES" or "Defendant"), is, upon information and belief, a District of Columbia non-profit corporation having its principal place of business at 29 Florida Avenue, NW, Washington DC 20002. Upon information and belief, Defendant provides educational and support services to children of incarcerated persons and students enrolled in under-performing public schools.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BTC's claims under District of Columbia law.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant has its principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred and are occurring in this District.

## BTC'S USE AND PROMOTION OF ITS TRADEMARK "BREAKING THE CHAIN"

6. BTC is a Washington, DC non-profit corporation that was founded in 2001 as the culmination of Executive Director Dr. Deborah Meyers's doctoral thesis in Ministerial Studies from the Howard University in Washington, DC.

7. BTC's mission is to eradicate inter-generational incarceration in Washington, DC and its surrounding areas.

8. BTC provides a wide variety of community services under the trademark BREAKING THE CHAIN, including a mentoring program, tutoring program, financial

2

sponsorship program, social service referral program, as well as charitable fundraising for children whose parents are incarcerated.

9. BTC collaborates with a variety of metropolitan Washington DC organizations, such as the DC public schools, the DC courts, and the University of Maryland, as well as local families and churches, to provide services for children whose parents are in prison.

10. Since its inception, BTC has widely used its trade name and trademark throughout the media. (*See* Exhibit A.)

11. BTC has also received wide publicity throughout the press and other media for its charitable services provided singularly under the trade name and trademark BREAKING THE CHAIN.

12. Since Plaintiff's inception in 2001, Plaintiff has continuously operated under the trade name BREAKING THE CHAIN FOUNDATION.

13. Since receiving its first grant from the District of Columbia Department of Health and Human Services in 2004, Plaintiff has continuously used the trademark BREAKING THE CHAIN in commerce in the United States in connection with the aforementioned services.

14. BTC has a federal trademark registration and pending application for its trademark BREAKING THE CHAIN. A chart detailing BTC's federal registration and pending application for its trademark BREAKING THE CHAIN is set forth below:

| Mark | Registration/ Serial No. | Goods/Services |
|---|---|---|
| [BREAKING THE CHAIN FOUNDATION logo] | 3,375,836 | Educational and charitable services, namely, providing mentoring and counseling to at-risk children, tutoring and homework assistance to at-risk children and sponsorship in the field of youth programs; Referrals for at-risk children in the field of social services; Charitable fund raising services, namely, fund raising for at-risk children and their families |

| Mark | Registration/ Serial No. | Goods/Services |
|---|---|---|
| BREAKING THE CHAIN FOUNDATION | 77/219233 | Educational and charitable services, namely providing mentoring and counseling to at-risk children, tutoring and homework assistance to at-risk children and sponsorship in the field of youth programs; Referrals for at-risk children in the field of social services; Charitable fund raising services, namely, fund raising for at-risk children and their families. |

15.    As a result of BTC's widespread use and promotion of its trademark BREAKING THE CHAIN, BTC is widely recognized in the District of Columbia and surrounding areas by members of the non-profit community, as well as among members of the District of Columbia community at-large, for providing services to children of incarcerated parents.

## DEFENDANT'S WRONGFUL ACTIVITIES

16.    Defendant is without authority or permission of BTC using the trademark BREAKING THE CHAIN in connection with similar or identical services to mentor children of prisoners.

17.    Defendant is sponsoring a concert series in Washington, DC entitled the "Breaking the Chain Concert Series" to raise funds for children of incarcerated parents.

18.    Defendant is using the term "Breaking the Chain" in connection with its mentoring program for children of incarcerated parents.

19.    Defendant has held at least one concert in the "Breaking The Chain Concert Series," and, upon information and belief, Defendant is planning an additional concert in the "Breaking the Chain Concert Series" in Spring or early Summer of 2008.

20.    Upon information and belief, Defendant knew of BTC and its programs and services at the time it adopted the term "Breaking the Chain" and "Breaking the Chain Concert Series".

21.  Defendant is not affiliated with or sponsored by BTC, and has never been authorized by BTC or any of its employees, directors, affiliates, or authorized agents to use the term "Breaking the Chain" in any form.

22.  Defendant has never provided services for BTC or collaborated with BTC or any of its employees, directors, affiliates, or authorized agents.

23.  Defendant's unauthorized use of the mark "BREAKING THE CHAIN" in the manner described above:

   (a)  is likely to confuse members of the public as to the origin, sponsorship, or approval of Defendant's mentoring services benefiting children of prisoners, or as to some affiliation, connection or association of Defendant with BTC;

   (b)  is likely to confuse members of the public as to the origin, sponsorship, or approval of Defendant's concert series, or as to some affiliation, connection, or association of Defendant with BTC;

   (b)  enables Defendant to trade on and receive the benefit of goodwill BTC has built up at great labor and expense over many years, and to gain acceptance for Defendant's services and concert series not solely on its own merits, but on the reputation and goodwill of BTC and its trademark and services;

   (c)  unjustly enriches Defendant; and

   (d)  unlawfully removes from BTC the ability to control the nature and quality of services provided under the trademark BREAKING THE CHAIN and places the goodwill and valuable reputation of BTC in the hands of Defendant, over which BTC has no control.

24.  BTC has been damaged and continues to be damaged by Defendant's unauthorized use of the trademark BREAKING THE CHAIN in the manner described above.

25. Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to BTC and to the public for which there is no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (Lanham Act § 32, 15 U.S.C. § 1114(1))

26. BTC realleges and incorporates the allegations set forth in paragraphs 1 through 25 herein.

27. Defendant's use of the trademark "BREAKING THE CHAIN" in connection with its services and programs to raise funds for children of incarcerated parents is likely to cause confusion, cause mistake, or deceive members of the public as to the source or sponsorship of its concert series.

28. The acts of Defendant complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of BTC's trademark BREAKING THE CHAIN in connection with the sale, offering for sale, distribution and advertising of goods or services in violation of 15 U.S.C. § 1114(1).

29. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BTC's prior use, and rights in its mark, and with intent to trade off BTC's goodwill in its mark.

30. As a result of the foregoing alleged actions of Defendant, BTC has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BTC will continue to suffer injury and damage.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND TRADE NAME INFRINGEMENT
## (Lanham Act § 43(a), 15 U.S.C. § 1125)

31. BTC realleges and incorporates the allegations set forth in paragraphs 1 through 30 herein.

DM_US:21033980_1

32. Defendant's unauthorized use of the trademark BREAKING THE CHAIN in connection with its program to raise funds for children of incarcerated parents falsely indicates that its services and the "Breaking the Chain Concert Series" is connected with, sponsored by, affiliated with, or related to BTC.

33. Defendant's unauthorized use of the trademark BREAKING THE CHAIN has caused, and is likely to continue to cause confusion, mistake, or deception as to the source or sponsorship of its services and the "Breaking the Chain Concert Series".

34. Defendant's unauthorized use of the trademark BREAKING THE CHAIN has diminished the goodwill in BTC's mark which BTC has built up at great labor and expense.

35. The acts of Defendant complained of herein constitute unfair competition, false designation of origin, and trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BTC's rights in its mark.

37. As a result of the foregoing alleged actions of Defendant, BTC has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BTC will continue to suffer injury and damage.

### COUNT III
### VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

38. BTC realleges and incorporates the allegations set forth in paragraphs 1 through 37 herein.

39. BTC owns and uses the domain name <breakingthechainfoundation.org>.

DM_US:21033980_1

40. The domain name <breakingthechaincs.com> registered by Defendant or its agent incorporates the mark BREAKING THE CHAIN.

41. The mark BREAKING THE CHAIN was distinctive at the time of the registration of <breakingthechaincs.com>.

42. Upon information and belief, Defendant's registration and use of the domain name has been in bad faith, in that the registration and use occurred with full knowledge and conscious disregard of BTC's rights in the mark BREAKING THE CHAIN and with intent to re-direct web traffic to <breakingthechaincs.com> for commercial gain.

43. The acts of Defendant complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

44. As a result of the foregoing alleged actions, BTC has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BTC will continue to suffer injury and damage.

## COUNT IV
## TRADEMARK INFRINGEMENT
## (Common Law of the District of Columbia)

45. BTC re-alleges and incorporates the allegations set forth in paragraphs 1 through 43 herein.

46. Defendant's use of the infringing mark as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective services.

47. On information and belief, Defendant, with full knowledge of BTC's prior rights in its trademark BREAKING THE CHAIN, and of the valuable goodwill associated therewith,

has committed the acts alleged herein willfully, with the intent to trade off, or in complete disregard of, BTC's goodwill and the goodwill associated with BTC's trademark.

48.   The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of District of Columbia.

49.   Defendant's use of the infringing mark as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair BTC's reputation under its trademark and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to BTC for which BTC is entitled to relief under the common law.

50.   As a result of the foregoing alleged actions, Defendant has been unjustly enriched and BTC has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BTC will continue to suffer injury and damage.

## COUNT V
## UNFAIR COMPETITION
## (Common Law of the District of Columbia)

51.   BTC realleges and incorporates the allegations set forth in paragraphs 1 through 50 herein.

52.   The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the District of Columbia.

53.   As a result of the foregoing actions of Defendant, BTC has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BTC will continue to suffer injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, BTC prays that:

1. Judgment be entered for BTC on its claims.

2. Defendant, its agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

(a)  Using any trade name or trademark that is confusingly similar to the trademark BREAKING THE CHAIN, including, but not limited to, the name "Breaking the Chain Concert Series";

(b)  Using the domain name <breakingthechaincs.com>, or any other term incorporating the mark BREAKING THE CHAIN, to advertise and promote its services and the "Breaking the Chain Concert Series"; and

(c)  doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant is affiliated with, sponsored by, or approved by BTC.

3. An accounting be directed to determine any and all of Defendant's proceeds resulting from Defendant's activities and that any such gains be paid over to BTC and increased as the Court finds to be just under the circumstances of this case.

4. Defendant be required to pay, in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a) and (b), an award of treble BTC's actual damages and Defendant's profits.

5. Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver to BTC for destruction all papers, signs, labels, prints, packages, advertising, or other promotional materials in Defendant's possession or control bearing the trademark BREAKING THE CHAIN.

6. Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

DM_US:21033980_1

7.  BTC recover such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: February 28, 2008

Susan M. Kayser, Esq. (D.C. Bar # 444423)
Nina Osseiran, Esq. (D.C. Bar # 479278)
(*pro hac vice application to be submitted*)
David M. Jaquette, Esq. (*pro hac vice application to be submitted*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

*Attorneys for Plaintiff*
Breaking The Chain Foundation, Inc.

11