**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| BREAKING THE CHAIN FOUNDATION, INC., |
| Plaintiff, |
| v. |
| CAPITOL EDUCATIONAL SUPPORT, INC., |
| Defendant. |

Civil Action No. 08-356 (CKK)

**MEMORANDUM OPINION**
(June 15, 2009)

This Memorandum Opinion addresses the discrete issue held in abeyance by the Court's

December 15, 2008 Memorandum Opinion: the amount of monetary damages Plaintiff Breaking

the Chain Foundation, Inc. is entitled to recover in the above-captioned matter.  Plaintiff brought

suit against Defendant Capitol Educational Support, Inc. alleging violations of Plaintiff's federal

and common law trademark rights.  *See* Complaint, Docket No. [1].  In its December 15, 2008

Memorandum Opinion, the Court granted in part, held in abeyance in part, and denied without

prejudice in part Plaintiff's motion for default judgment as against Defendant.  *See Breaking the*

*Chain Foundation, Inc. v. Capitol Educational Support, Inc.*, 589 F. Supp. 2d 25 (D.D.C. 2008).

Specifically, the Court granted Plaintiff's motion as to liability, finding Defendant liable

for: (1) federal trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. §

1114(1); (2) federal unfair competition, false designation of origin, and trade name infringement

in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) violation of the

Anticybersquatting Consumer Protection Act, § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

(4) trademark infringement in violation of the common law of the District of Columbia; and (5) unfair competition in violation of the common law of the District of Columbia. *Id.* at 29. The Court also granted Plaintiff's request for injunctive relief, but denied without prejudice Plaintiff's request that Defendant be required to deliver to Plaintiff for destruction all papers, signs, labels, prints, packages, advertising, or other promotional materials in Defendant's possession or control bearing the trademark BREAKING THE CHAIN. *Id.* at 30, 32.

As is relevant to the instant Memorandum Opinion, the Court also held in abeyance Plaintiff's request for monetary damages pending supplemental briefing. *Id.* at 30-32. Plaintiff has since provided the requested supplemental briefing. *See* Pl.'s Supp. Br. to Support Pl.'s Request for Monetary Damages ("Pl.'s Supp. Br."), Docket No. [20]. Based upon that submission, as well as the attached declarations and supporting documentation, the Court concludes that Plaintiff is entitled to monetary damages in the amount of $6,293.30.

## DISCUSSION

The factual background of this case is discussed in this Court's December 15, 2008 Memorandum Opinion. *See Breaking the Chain Foundation*, 589 F. Supp. 2d at 27-28. The Court does not repeat that discussion, but assumes familiarity with it and expressly incorporates it herein. Having previously concluded that Defendant is liable for violations of Plaintiff's federal and common law trademark rights, *see generally id.*, the Court only addresses the amount of monetary damages Plaintiff is entitled to as a result of Defendant's conduct.

"Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters and Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F.

Supp. 2d 26, 30 (D.D.C. 2002) (citing *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the

amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on

detailed affidavits or documentary evidence to determine the appropriate sum for the default

judgment." *Id.*

Under section 35 of the Lanham Act, a plaintiff may recover a defendant's profits arising

from its unlawful act(s) of trademark infringement. 15 U.S.C. § 1117(a). "To recover a

defendant's profits under the Lanham Act, the plaintiff must show the defendant acted 'willfully

or in bad faith.'" *Riggs Inv. Mgmt. Corp. v. Columbia Partners, LLC*, 966 F. Supp. 1250, 1270

(D.D.C. 1997) (citing *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636, 641 (D.C. Cir. 1982)).

Defendant, by its default, has admitted that its conduct in violation of Plaintiff's federal and

common law trademark rights was "deliberate, willful, and intentional, with full knowledge and

in conscious disregard of [Plaintiff's] prior use, and right in its mark, and with intent to trade off

[Plaintiff's] goodwill in its mark." Compl. ¶ 29; *see also id.* ¶¶ 36, 42, 47. Accordingly,

Plaintiff may recover Defendant's profits arising from the trademark violation—here, the

"Breaking the Chain Concert Series" held by Defendant.

As previously found, Defendant held one installment of its "Breaking The Chain Concert

Series" on March 1, 2007 at the Lincoln Theatre[1] in Washington, D.C. *Id.* Plaintiff now submits

declarations and supporting documentation demonstrating that Defendant sold a total of 353

tickets to the "Breaking the Chain Concert Series," grossing a total of $17,370.00 in ticket sales.

---

[1] The Lincoln Theatre is also referred to as the U Street Theatre. *See* Pl.'s Supp. Br., Ex.
C (Declaration of Bobby Cato), ¶ 2. For clarity, the Court shall continue to refer to the theatre as
the "Lincoln Theatre" throughout this Memorandum Opinion.

Pl.'s Supp. Br. at 2 & Exs. A (Declaration of Monique Cheek) & B (Lincoln Theatre's Cost

Settlement Sheet). From this amount, the Lincoln Theatre subtracted a total of $4,783.40 in fees

for utilities, clean-up, and staff. Pl.'s Supp. Br. at 2 & Ex. B (Lincoln Theatre's Cost Settlement

Sheet) & Ex. C (Declaration of Bobby Cato), ¶ 5. After making these deductions, the Lincoln

Theatre paid the net $12,586.60 to New Birth Development and Investment Group, LLC ("New

Birth"), the entity retained by Defendant to oversee the promotion of the concert series. Pl.'s

Supp. Br. at 2 & Ex. C (Declaration of Bobby Cato), ¶¶ 2 & 5. New Birth and Defendant had

agreed to split their profits equally. Pl.'s Supp. Br. at 2 & Ex. C (Declaration of Bobby Cato), ¶

4. New Birth therefore retained half of the payment from the Lincoln Theatre ($6,293.30) and

disbursed the remaining $6,293.30 to Defendant. Pl.'s Supp. Br. at 2 & Ex. C (Declaration of

Bobby Cato), ¶ 6 & Exs. 1 &2. Accordingly, as demonstrated by Plaintiff's supporting

declarations and documentation, Defendant's profits from the event totaled $6,293.30.

As explained above, Plaintiff is entitled to a recover Defendant's profits arising from its

unlawful act(s) of trademark infringement, pursuant to section 35 of the Lanham Act. 15 U.S.C.

§ 1117(a). The Court therefore finds that Plaintiff has proven that it is entitled to a monetary

award of $6,293.30—*i.e.*, Defendant's profits from the "Breaking the Chain Concert Series." In

so finding, the Court declines Plaintiff's request to award it Defendant's gross revenues from the

event, rather than Defendant's profits. The statute's plain language provides that a plaintiff may

recover "defendant's profits." 15 U.S.C. § 1117(a). Although the statute also provides that a

plaintiff need prove defendant's sales only, and it is defendant's burden to prove all elements of

cost or deductions claimed, *see id.*, that does not mean that the Court may ignore evidence in the

record before it as to defendant's cost and deductions. Rather, where Plaintiff has chosen to

4

provide information from which the Court may discern Defendant's costs, the Court concludes

that it is obligated to consider such evidence and award Plaintiff only Defendant's profits, as

statutorily provided for under section 35 of the Lanham Act.

## CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's [16] Motion for

Default Judgment insofar as Plaintiff requests an award of $6,293.30 in monetary damages.  An

appropriate Order accompanies this Memorandum Opinion.

Date: June 15, 2009

_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge